UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

J.B. HUNT TRANSPORT, INC.,

    Plaintiff,

v.                                                                                  Case No. 04-CV-70347-DT

JAMAL ADAMS and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendants,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Third-Party Plaintiff,

v.

HERMAN DIAZ,

    Third-Party Defendant.

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Counter-Claimant,

v.

J.B. HUNT,

    Counter-Defendant,

and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Third-Party Plaintiff,
v.

BLUE CARE NETWORK OF MICHIGAN,

    Third-Party Defendant,
                                                          /

**ORDER DENYING STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION FOR RECONSIDERATION**

Pending before the court is State Farm Mutual Automobile Insurance Company's ("State Farm's") motion for reconsideration of the court's order denying its motion for summary judgment, timely filed on May 15, 2006. For the reasons stated below, the court will deny State Farm's motion.

### I. BACKGROUND

On May 9, 2006, this court issued an order denying State Farms' motion for summary judgment based on its insufficient proffer of admissible evidence to irrefutably prove that the trailer involved in the underlying incident was operated in the state of Michigan for more than 30 days in 2003. (Dkt. # 65.) More specifically, the court noted that

> State Farm's and Blue Care's theory . . . produces a total of only 30 days that the trailer was operated either into or from a repair facility. During the hearing, State Farm's counsel stated that March 27-28 should have been included in the tally of dates, but later acknowledged that *she did not "have the Bates number for . . . March 27 and March 28."* (Hrg. Tr. at 14-16.) Those asserted dates, therefore, lack supporting evidence.

(5/9/06 Order at 11.) (emphasis added.)

Although State Farm could not identify the supporting evidence at oral argument, it now posits that evidence had already been provided showing that the trailer was in use on March 27 as it left a repair facility in which certain repairs had been made over the preceding days. In its motion for reconsideration, State Farm presents an exhibit (#

2

6) replicated from its summary judgment brief, and argues that this exhibit positively shows that the "trailer was being repaired." (Pl.'s Mot. at 10.) The court disagrees, and will deny the motion.

## II. STANDARD

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.,* 971 F. Supp. 262, 278 (E.D. Mich 1997) (citing Webster's New World Dictionary 974 (3d ed. 1988). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997). Under the local rules, "[a] motion for reconsideration must be filed within 10 days after entry of the judgment or order." E.D. Mich. LR 7.1(g)(1).

## III. DISCUSSION

Plaintiff argues that a palpable defect occurred because the court did not consider the evidence provided with and cited in its motion and reply brief. (Pl.'s Mot. for Reconsideration at 11.) The court is not persuaded that a palpable defect has occurred.

The cited repair record indeed includes the date at issue, March 27, 2003, which appears to be the date that certain repairs were concluded, and on which the repaired

equipment presumably left the repair facility and was therefore "operated" on a Michigan public way. The problem, however, is not with the date.

The nature of the repairs specified in the evidence provided by State Farm at exhibit 6 is not consistent with repair to a trailer. The exhibit comprises three pages, on each of which is noted the same number, "RO-NBR: 6895782." The court takes "RO" as referring to a unique, sequential "Repair Order." The first page, dated March 26, 2003, specifies a tractor unit number, 341337, and identifies it as a "Wolverine Freightliner." There is no reference to a trailer. No repairs are noted. The second page carries a date of March 26, 2003, the same unit number, 341337, with a ready date of March 27, 2003, and refers to repairs including "brake line separators at the front diff\steering gear box leak." There is no reference to a trailer. The third page carries a date of March 26, 2003, tractor unit number 341337, and refers to repairs including "brake air lines," and parts including anti-freeze, engine oil and oil filter. There is, once again, no reference to a trailer. In addition, the mileage count does not change between the three pages.

Ordinarily, over-the-road trailers do not have engines, are not steerable and have no powertrain equipment. Trailers therefore do not require "engine oil" or "anti-freeze," and could not have a leaking "steering gear box" or a "brake line separator at [the] front diff[erential]" such that repairs could be performed upon them as exhibit 6 contemplates was done on March 27, 2003. Exhibit 6 of the Motion for Reconsideration is obviously a *tractor* repair record, not a trailer repair record as State Farm argues. At a minimum, a

finder of fact could reasonably so conclude.[1]

Plaintiff has not raised any palpable defect by which the court has been misled. In addition, to the extent that the motion also presents issues already ruled upon by the court, either expressly or by reasonable implication, the motion will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski,* 967 F.Supp. at 952 (E.D. Mich. 1997). Accordingly,

### IV. CONCLUSION

IT IS ORDERED that State Farm's "Motion for Reconsideration" [Dkt. # 70] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 22, 2006, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk

(313) 234-5522

---

[1] Indeed, in perusing the exhibits submitted with the motion for reconsideration, the court sees that most of them carry the same *tractor* number, 341337, and refer to *tractor* repairs. A few carry a different "trailer" reference number. Since it makes no difference to the case at this point (*i.e.,* State Farm's motion for summary judgment would still be rejected), the court has not tried to determine if these are the same exhibits that were noted by the court in determining that 30 days of *trailer* operation had actually been shown by State Farm's evidence. If they are, though, it is obvious the court was mistakenly generous to State Farm's argument about trailer operation.

S:\Cleland\JUDGE'S DESK\Odd Orders\04-70347.JBHUNT.DenyingMotForReconsideration.wpd