**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

J.B. HUNT TRANSPORT, INC.,

      Plaintiff,

v.                                   Case No. 04-CV-70347-DT

JAMAL ADAMS and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

      Defendants,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Third-Party Plaintiff,

v.

HERMAN DIAZ,

      Third-Party Defendant.

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Counter-Claimant,

v.

J.B. HUNT,

      Counter-Defendant,

and STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Third-Party Plaintiff,

v.

BLUE CARE NETWORK OF MICHIGAN,

Third-Party Defendant,

_____/

### ORDER DENYING STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION IN LIMINE

Pending before the court is State Farm Mutual Automobile Insurance Company's ("State Farm's") motion in limine, filed on July 21, 2006.  In its motion, State Farm seeks to restrain J.B. Hunt Transport, Inc. ("J.B. Hunt") from asserting at trial that certain records relate to tractor rather than to trailer repairs.  For the reasons stated below, no response is required, and the court will deny State Farm's motion.

### I. BACKGROUND

On May 9, 2006, this court issued an order denying State Farms' motion for summary judgment based on its insufficient proffer of admissible evidence to prove that the trailer involved in the underlying incident was operated in the state of Michigan for more than 30 days in 2003.  (*See* Dkt. # 65.)  State Farm stated in a motion for reconsideration that evidence had already been provided showing that the trailer was in use on March 27 as it left a repair facility in which certain repairs had been made over the preceding days.  In its motion for reconsideration, State Farm presented an exhibit (# 6) replicated from its summary judgment brief, and argued that this exhibit positively shows that the "*trailer* was being repaired."  (State Farm's Mot. For Recons. at 10) (emphasis added).  The court disagreed and denied the motion for reconsideration,

2

principally because the repair record showed engine and similar mechanical repairs
unrelated to a trailer.  The court need not repeat the entire explanation for that denial.

## II.  DISCUSSION

State Farm now argues that J.B. Hunt should be estopped from denying at trial

that the repair records relate to the trailer[1] principally because ". . . J.B. Hunt's

representative *under oath* testified that the records at issue were repair records for the

trailer at issue that were maintained on J.B. Hunt's computer system as records for the

trailer."  (State Farm's Mot. in Limine at 11 (citing Griffin Dep. at 55-56) (emphasis in

original).)  Griffin's actual testimony at pages 55 and 56 is not quoted in Defendant's

brief,[2] nor does Defendant explain how that testimony establishes Defendant's point so

emphatically.

Griffin, in fact, did *not* say that the mentioned records were "repair records for the

trailer at issue."  He testified only that he "believed" such to be the case, and added an

important caveat:

> A. The records we produced are computer printouts of the activity on the unit.
>
> Q. And the unit would be the tractor or the trailer?
> A. *I believe* what we produced was for the trailer.
>
> Q. For the trailer?

---

[1] The court does not know whether Plaintiff actually intends to argue at trial as
Defendant has alleged in this motion, since Defendant provided no elaboration as
required by E.D. Mich. L. R. 7.1(a) of what may have been only a minimal or even
feigned attempt to seek concurrence.

[2] A copy of the *entire* Griffin deposition transcript is, however, attached as an
exhibit. Also attached are *all* the mentioned repair records, for at least the second time.
Filing these things in their entirety strikes the court as truly unnecessary cluttering of the
record.

A. Yes.

\* \* \*

Q.  Were any of those produced, do you know, with the documents?
A. With respect to the truck involved in this?
Q. With respect to the truck involved.
A. No.

> MR. BECKWITH: No, or you don't know?
> THE WITNESS: No, *I don't believe* we produced any documents on the
> truck. *There may be some record of the truck* or a truck related to the - the
> document on the trailer, but once the truck is sold, the records on that
> truck are only maintained for a year.  After that its purged out.

(Griffin Dep. at 55-56) (emphasis added).

Griffin's equivocal testimony permits a conclusion that the record at issue here, in

fact, may be related to a truck repair as the court set forth in its denial of Defendant's

motion for reconsideration.  One conclusion is certain: Griffin's cited testimony does not

support Defendant's motion.

### III.  CONCLUSION

IT IS ORDERED that State Farm's "Motion in Limine" [Dkt. # 75] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  August 1, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record
on this date, August 1, 2006, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C1
ORDERS\04-70347.JBHUNT.DenyingMotInLimine.3.wpd