UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J.B. HUNT TRANSPORT, INC.,

    Plaintiff,

v.                                              Case No. 04-CV-70347-DT

JAMAL ADAMS and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendants,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Third-Party Plaintiff,

v.

HERMAN DIAZ,

    Third-Party Defendant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Counter-Claimant,

v.

J.B. HUNT,

    Counter-Defendant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Third-Party Plaintiff,

v.

BLUE CARE NETWORK OF MICHIGAN,

      Third-Party Defendant.

_____/

**OPINION AND ORDER DENYING J.B. HUNT'S "MOTION FOR PROTECTIVE ORDER AND TO QUASH SUBPOENA . . ." AND DENYING J.B. HUNT'S "MOTION TO QUASH STATE FARM'S SECOND SUBPOENA . . ."**

Pending before the court is J.B. Hunt Transport, Inc.'s ("J.B. Hunt's") February 19, 2007 "Motion for Protective Order and to Quash Subpoena for the Production of Documents Directed to Non-Parties" and J.B. Hunt's March 12, 2007 "Motion to Quash State Farm's Second Subpoena for the Production of Documents Directed to Non-Parties." State Farm Mutual Automobile Insurance Company ("State Farm") filed a response to J.B. Hunt's first motion on March 5, 2007, and the court concludes a response to the second motion is not necessary. For the reasons stated below, the court will deny the motions.

### I. REQUEST FOR A PROTECTIVE ORDER

In J.B. Hunt's first motion, it requests a protective order under Federal Rule of Civil Procedure 26(c), which provides that upon motion by any party, and for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). Rule 26(c) specifically provides that the court may order "that the disclosure or discovery may be had only on specified terms and conditions, including a

2

designation of the time or place." Fed. R. Civ. P. 26(c)(2); *see also In re Mann*, 220 B.R. 351, 355 (Bankr. N.D. Ohio 1998) (citing *Misco, Inc. v. United States Steel Corp.*, 784 F.2d 198, 206 (6th Cir.1986)) ("In the face of discovery disputes, the decision as to the manner and timing in which discovery should proceed is left to the sound discretion of the trial court.").

On February 6, 2007, State Farm noticed three depositions of J.B. Hunt's employees. J.B. Hunt argues that the court should order that none of the three depositions be taken. First, J.B. Hunt objects to the "Notice of 30(b)(6) Duces Tecum Deposition," which requires J.B. Hunt to produce for oral examination the person most knowledgeable about the Gambro account." (*See* Mot. Ex. 1.) The deponent is further requested to bring "[a]ll documents that show deliveries/shipments to Michigan requested by Gambro in 2002, 2003, and 2004, including but not limited to: itiner[ar]ies, records of pick-ups and deliveries, bills of lading, invoices, order tracking documents, shippers, shipment request, shipment notices." (*Id.*) J.B. Hunt argues that the information sought is not relevant to the instant lawsuit. In response, State Farm has made a sufficient showing that the materials sought are relevant, and that the previous Rule 30(b)(6) deponent was unable to answer all the relevant questions with respect to the Gambro account. The court will therefore allow the deposition to proceed.[1]

---

[1] The court will similarly decline to limit the scope of the documents requested by State Farm in connection with the deposition. J.B. Hunt states that it does not have in its possession at least some of the documents requested. (Mot. Br. at 3.) J.B. Hunt, however, is not required to create documents for the deposition. There is therefore no reason to limit the scope of the documents *requested*. J.B. Hunt has a duty only to produce those documents in its possession, custody or control.

J.B. Hunt next argues that the deposition of Cindy Gleason should not be allowed. Gleason is a litigation examiner for J.B. Hunt, and works under the direction and supervision of Wesley Griffin, J.B. Hunt's previous Rule 30(b)(6) deponent. (Mot. Br. at 3.) While the deposition notice does not specify the topics to be discussed during the deposition, it does indicate that Gleason should bring "all claim files, including electronic diary notes, related to the accident that is the subject of the captioned litigation." (Mot. Ex. 1.) J.B. Hunt argues that the April 2, 2003 accident between Jamal Adams and Herman Diaz is not relevant to the issues in this lawsuit, that is, whether the particular tractor and trailer were operated in Michigan for more than thirty days in 2003. The court agrees. For the reasons stated on the record during the February 14, 2007 telephonic hearing, the matters relevant to the underlying accident are simply not relevant to this lawsuit. Nonetheless, the court will not prohibit the deposition of Gleason because State Farm has articulated other relevant matters on which she is qualified to testify. Specifically, Gleason was the individual who compiled the problematic documents produced by J.B. Hunt which referred to an incorrect tractor or trailer. This topic is relevant and discoverable and the court will therefore allow State Farm to depose Gleason. However, to the extent State Farm inquires unjustifiably into the underlying accident, it risks the potential for sanctions, including costs and/or fee-shifting.

J.B. Hunt also objects to State Farm's final Rule 30(b)(6) deposition, which seeks testimony from "the person most knowledgeable of the J.B. Hunt computers/mainframe." (Mot. Ex. 1.) The deponent is requested to bring with him J.B. Hunt's mainframe or the ability to access the mainframe at the time of the deposition.

J.B. Hunt argues that such information is irrelevant and that the request to bring the mainframe to a deposition is unduly burdensome. In response, State Farm indicates that it is willing to hold the deposition at the place of the mainframe. State Farm contends that the information sought is relevant because J.B. Hunt's Rule 30(b)(6) witness has testified that certain records have been destroyed, yet J.B. Hunt's website seems to contradict this factual premise. State Farms seeks to inquire into this discrepancy. State Farm also intends to use the deposition to determine what queries were inputted during a previous search through the mainframe and to dictate additional queries for the deponent to input in the presence of State Farm's attorney. The court finds that all of this information is relevant and discoverable, subject to State Farm's concession to take the deposition at the place of the mainframe.[2] State Farm's motion for a protective order will thus be denied.

## II.  REQUEST TO QUASH SUBPOENA

In both J.B. Hunt's February 19, 2007 motion and in its March 12, 2007 motion, it requests under Federal Rule of Civil Procedure 45(c)(3)(A) that the court quash two subpoenas for the production of documents addressed to the Resident Agent for Gambro BCT, Inc. and Gambro Renal Products (collectively, "Gambro"). J.B. Hunt argues that the subpoenas fail to allow a reasonable time for compliance, is unduly burdensome, and requires a nonparty to travel more than 100 miles from the place

---

[2]The court recognizes that State Farm's intention to dictate queries to J.B. Hunt's deponent has the potential for creating further objections. J.B. Hunt did not specifically address this facet of the request in its motion, but the court will not restrict State Farm at this point. The court cautions counsel to be reasonably cooperative during this deposition, but informs them that the court will ordinarily be available by telephone during normal business hours should issues arise in the midst of the deposition.

where the nonparty resides. Without addressing the merits of J.B. Hunt's arguments, the court finds that J.B. Hunt lacks standing to move to quash the Gambro subpoenas. Gambro itself has not objected to the subpoenas or moved to quash them. "The law is clear, absent a claim of privilege, a party has no standing to challenge a subpoena to a nonparty." *Donahoo v. Ohio Dept. of Youth Services,* 211 F.R.D. 303, 306 (N.D. Ohio 2002) (citing *Clayton Brokerage Co., Inc. of St. Louis v. Clement,* 87 F.R.D. 569, 571 (D.C. Md.1980)). Instead, "[t]he party to whom the subpoena is directed is the only party with standing to oppose it." *Id.* (citing *United States v. Tomison*, 969 F.Supp. 587, 591-92 (E.D. Cal. 1997)). Accordingly, J.B. Hunt lacks standing to challenge State Farm's subpoenas to Gambro, and its motions to quash will be denied.

### III.  CONCLUSION

IT IS ORDERED that J.B. Hunt's February 19, 2007 "Motion for Protective Order and to Quash Subpoena for the Production of Documents Directed to Non-Parties" and J.B. Hunt's March 12, 2007 "Motion to Quash State Farm's Second Subpoena for the Production of Documents Directed to Non-Parties" [Dkt. # 90 & 95] are DENIED.

    S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: March 14, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 14, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C3 ORDERS\04-70347.JBHUNT.Quash.wpd