**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

J.B. HUNT TRANSPORT, INC.,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 04-CV-70347-DT

JAMAL ADAMS and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendants,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Third-Party Plaintiff,

v.

HERMAN DIAZ,

    Third-Party Defendant.

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Counter-Claimant,

v.

J.B. HUNT,

    Counter-Defendant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Third-Party Plaintiff,

v.

BLUE CARE NETWORK OF MICHIGAN,

Third-Party Defendant.

_____/

**ORDER GRANTING STATE FARM'S "MOTION FOR COSTS"**

Pending before the court is State Farm Mutual Automobile Insurance Company's ("State Farm's") "Motion for Costs," filed on December 21, 2006. The matter has been fully briefed and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**[1]

On April 2, 2003, in Southfield, Michigan, a tractor-trailer owned by J.B. Hunt Transport, Inc. ("J.B. Hunt") and driven by J.B. Hunt employee, Herman Diaz, collided with a motorcycle being driven by Jamal Adams. As a result of this collision, Mr. Adams was seriously injured and requested that J.B. Hunt provide him personal protection benefits to pay for his medical bills. J.B. Hunt refused to pay the benefits. Mr. Adams then requested that State Farm, his motor vehicle insurer, provide him with no-fault benefits. State Farm provided the benefits to Mr. Adams, but claims that it is entitled to reimbursement and indemnification for all personal protection insurance benefits that State Farm has paid and will pay to Mr. Adams. This action therefore revolves around

---

[1]The facts relevant to State Farm's "Motion for Costs" are not disputed. Thus, most of the background section of this order appears in previous orders of the court and is provided principally for context.

who is required to pay for Mr. Adams' personal protection benefits in connection with the April 2, 2003 accident.

There does not appear to be any dispute that if the Michigan No-Fault Act applies, J.B. Hunt is first in priority and must pay the benefits. Rather, the dispute centers on whether J.B. Hunt is subject to the Michigan No-Fault Act at all. J.B. Hunt instituted this declaratory action on January 30, 2004, seeking a declaration that it was not obligated to pay benefits because either (1) the Michigan No-Fault Act is unconstitutional as applied (Counts III & IV) or (2) the tractor at issue was not covered by the Michigan No-Fault Act because it was not in Michigan for more than 30 days in 2003 (Count II). State Farm filed a counterclaim against J.B. Hunt, seeking reimbursement from J.B. Hunt for the no-fault benefits State Farm has already paid and continues to pay for Adams's injuries.

On March 10, 2005, the court issued a scheduling order pursuant to Federal Rule of Civil Procedure 16. The original scheduling order provided that discovery was to be completed by June 10, 2005. (3/10/05 Scheduling Order at 1.) Discovery was thereafter extended by stipulated order until July 15, 2005. (6/17/05 Order.) The court extended the dispositive motion deadline and trial dates in an amended scheduling order issued on September 20, 2005. Following the disposition of various summary judgment motions and a motion for reconsideration, the court issued another amended scheduling order, setting a jury trial for August 8, 2005. (6/05/06 Order.) The jury trial was twice more adjourned, first to September 7, 2006 and then to September 27, 2006.

Two days prior to trial, the court was contacted by counsel, who requested that trial be adjourned and discovery reopened because of J.B. Hunt's erroneous discovery

3

responses. Specifically, in March 2005, State Farm had requested that J.B. Hunt produce "all documents related to the J.B. Hunt trailer that was involved in the accident that is the subject of the captioned litigation for the life of the trailer, including but not limited to . . . [r]epair records." (*See* State Farm's Mot. for Costs at 6.) In response, J.B. Hunt produced repair records in June 2005, which J.B. Hunt represented related to the trailer at issue. (*Id.*) State Farm contends that these documents established that the trailer at issue was operated in Michigan for over 30 days in 2003. While preparing for trial, however, J.B. Hunt discovered that some, or a majority, of the repair records which it produced actually related to a tractor and trailer that were not involved in the accident at issue. (*Id.* at 7.) J.B. Hunt informed State Farm, and together the parties contacted the court for an emergency telephone conference.

As a result of this conference, and because of J.B. Hunt's erroneous document production, the court adjourned the trial and reopened discovery. (*See* 9/29/06 Order.) The court conducted another conference in October and determined that additional discovery was warranted. (*See* 10/31/06 Order.) In its October 31, 2006 order, the court stated:

> The parties also discussed the possibility of filing a motion for attorney fees and a motion to amend. Without making any prediction on the timeliness of such motions, they should be brought as reasonably as practicable, after first attempting to resolve or narrow the issues through compliance with E.D. Mich. LR 7.1(a).

(*Id.* at 1, n.1.) Almost two months later, State Farm brought the instant motion for costs.[2]

---

[2]At least part, if not all, of the delay in bringing this motion is attributed to J.B. Hunt's failure to respond to State Farm's multiple attempts to seek concurrence prior to

The court conducted a telephone conference, on the record, on February 14, 2007, to discuss various pending motions. During the conference, the court expressed that it was strongly inclined to find that at least some costs were warranted. (*See* 2/20/07 Order at 2.) The court held the motion in abeyance to allow the parties time to resolve, or narrow, the issues raised in the motion. (*Id.*) The court specifically noted that "[a]t the very minimum, counsel should be able to agree on the correct mathematical computation of the proposed hours and fees expended, even if they cannot agree on whether those hours and fees are reasonable." (*Id.* at 2, n.1.) The parties filed a stipulation on March 23, 2007. The stipulation does not narrow any factual or legal issues, but instead sets forth their last settlement offers to resolve the motion. (Stip. at 3.) Specifically, J.B. Hunt offered to pay $13,000 to resolve the motion, and State Farm is now willing to accept $18,500 to resolve the motion. (*Id.*)

## II. DISCUSSION

State Farm brings its motion pursuant to Federal Rule of Civil Procedure 37, which provides, in part:

> (c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
>
> (1) A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions

---

filing the motion. (State Farm's Mot. for Costs, Exs. 1-3.)

5

> authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure.

Fed. R. Civ. P. 37(c)(1). Pursuant to this rule, State Farm seeks its costs and attorney fees incurred as a result of its reliance on the documents incorrectly produced by J.B. Hunt. Specifically, State Farm seeks $25,251.25 in attorney fees and $371.80 in costs. (State Farm's Br. at 7.) The attorney fees relate to time spent:

> (1) Preparing and taking the 30(b)(6) deposition of J.B. Hunt's representative;
> (2) Filing a motion for summary judgment and a reply brief in further support;
> (3) Filing a motion for reconsideration;
> (4) Filing a motion in limine; and
> (5) Preparing for trial, including assembling trial exhibits and drafting a pretrial statement.

(*Id.* at 6-7.)

As an initial matter, the court easily finds that sanctions are warranted for J.B. Hunt's incorrect document production and subsequent failure to seasonably correct its mistaken production. While J.B. Hunt's attorney appears to have acted promptly in notifying opposing counsel upon learning of the incorrect documents, J.B. Hunt has failed to give any reasonable justification for either its mistaken production in the first place or its failure to realize the mistake earlier. The court finds that, given the extreme importance placed on these documents throughout this litigation, with reasonable diligence J.B. Hunt or its attorney should have discovered the mistake earlier. Accordingly, monetary sanctions are warranted under Rule 37.

However, the court is not entirely persuaded that State Farm is entitled the full amount of fees and costs originally sought in its motion. First, State Farm provides no explanation for the $371.80 it seeks in costs other than to say they include court filing

6

fees, photocopies and postage.  (State Farm's Ex. 6.)  There is no further differentiation as to how much is being sought for each of these three categories.  The court is at a loss to determine whether these costs actually relate to J.B. Hunt's discovery violation.  Moreover, the court is unclear what court filing fees State Farm could possibly be seeking, given that it was J.B. Hunt that initiated this action.  For these reasons, the court will not award State Farm any costs.

The court will also reduce the attorney fees which State Farm seeks.  The "lodestar" approach is the proper method for determining the amount of reasonable attorney fees.  *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also United States v. Metro. Health Corp.*, No. 02-485, 2005 WL 3434830 (W.D. Mich. 2005) (applying the lodestar approach in determining the reasonableness of an attorneys' fee award in a civil contempt case).  In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433-434.  "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id*.  Once the lodestar is calculated, the fee may be adjusted in consideration of a number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases.  *Id*. at 430 n.3.

State Farm seeks attorney fees for 216.50 hours, at rates ranging from $65.00 for a paralegal to $130.00 for the lead attorney on this case. The court finds the rates to be reasonable given the type of case and local legal market. However, the court will reduce the total fee award because some of the work which State Farm has attributed to J.B. Hunt's discovery violation will not be wasted in this litigation. For example, at least some of the trial preparation and deposition preparation would have been necessary regardless of J.B. Hunt's mistaken documents, and will likely be utilized in the future. The court will thus reduce State Farm's attorney fee award from the sought $25,251.25 to $18,500.00.

### III.  CONCLUSION

IT IS ORDERED that State Farm's "Motion for Costs" [Dkt. # 82] is GRANTED. J.B. Hunt is ORDERED to pay State Farm's reasonable attorney fees of $18,500.00 for its discovery violation.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  May 8, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 8, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522