**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

J.B. HUNT TRANSPORT, INC.,

    Plaintiff,

v.                                                                Case No. 04-CV-70347-DT

JAMAL ADAMS and STATE FARM MUTUAL
AUTOMOBILE INSURANCE COMPANY,

    Defendants,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Third-Party Plaintiff,

v.

HERMAN DIAZ,

    Third-Party Defendant.

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Counter-Claimant,

v.

J.B. HUNT,

    Counter-Defendant,

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

Third-Party Plaintiff,

v.

BLUE CARE NETWORK OF MICHIGAN,

Third-Party Defendant.
                                                          /

**OPINION AND ORDER GRANTING GAMBRO'S "MOTION FOR COSTS"**

Pending before the court is a "Motion for Recovery of Costs," filed by interested parties Gambro, Inc., Gambro BCT, Inc., and Gambro Renal Products (collectively, "Gambro"). The matter has been fully briefed and the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

**I. BACKGROUND**

On April 6, 2007, State Farm Mutual Automobile Insurance Company ("State Farm") filed a motion seeking to compel Gambro's compliance with a February 27, 2007 subpoena duces tecum. The court conducted a telephonic hearing on the motion on May 8, 2007. For reasons stated further on the record during the hearing, the motion was granted in part. Additionally, the court ordered that State Farm would pay for Gambro's reasonable expenses in complying with the subpoena. The court encouraged the parties to agree to the reasonable expenses, but specifically stated that if they could not agree "Attorney Dirk Beamer [shall] . . . submit a proposed order of reimbursement of Gambro's expenses if, as and when needed." (5/08/07 Minute Entry.)

On September 14, 2007, Gambro's attorney requested that State Farm reimburse its expenses in the amount of $1,356.25. State Farm refused. State Farm

did not object to the $600 sought for Gambro's time, but objected to the $756.26 charged for Gambro's attorney's time. (State Farm's Resp. at 3.) State Farm contends that Gambro's attorney's hourly rate of $275 is excessive, and that the requested amount includes expenses unrelated to the document subpoena, including counsel's review of the court's July 19, 2007 order granting J.B. Hunt's motion for summary judgment and a telephone call with J.B. Hunt's attorney. (*Id.*) The parties were unable to resolve this dispute without court intervention, causing Gambro to file the instant motion. Gambro now seeks a total of $2,941.25, constituting $600 for Gambro's personnel time, $1,653.75 of attorney fees since the May 8, 2007 telephonic conference, and an additional 2.5 hours of attorney fees ($687.50) for preparation of Gambro's reply brief.

## II. DISCUSSION

State Farm does not object to the $600 claimed for Gambro's expenses, but argues that Gambro's attorney fees are unreasonable. The court disagrees.

The "lodestar" approach is the proper method for determining the amount of reasonable attorney fees. *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *see also United States v. Metro. Health Corp.*, No. 02-485, 2005 WL 3434830 (W.D. Mich. 2005) (applying the lodestar approach in determining the reasonableness of an attorneys' fee award in a civil contempt case). In making the "lodestar" calculation, "[t]he most useful starting point . . . is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433-434. "The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* Once the lodestar is calculated, the fee may be adjusted in consideration of a

number of factors: (1) time and labor; (2) difficulty of the case; (3) skill necessary; (4) the extent the attorney is precluded from working on other matters; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations; (8) the amount involved and results obtained; (9) the attorneys' experience, reputation, and ability; (10) the undesirability of the case; (11) the nature and length of the attorney-client relationship; and (12) awards in similar cases. *Id.* at 430 n.3.

Applying this standard, the court first finds that $275 per hour is a reasonable rate. State Farm asserts that its own attorneys are paid $130 per hour, but this is of no moment to whether Gambro's attorneys fees are reasonable. Regardless of what State Farm has contracted to pay its own attorneys, $275 is not an unreasonable rate for this legal market. *See Darbyshire v. Garrison*, No. 04-72272, 2006 WL 581032 (E.D. Mich. Mar. 8, 2006) (finding reasonable attorney hourly rates of $200 and $250); *Disabled Patroits of Am. v. Romulus Nights, Inc.*, No. 04-60258, 2005 WL 3132206 (E.D. Mich. Nov. 22, 2005) (awarding attorneys' fees at a rate of $300 per hour); *Gratz*, 353 F. Supp. 2d at 929 (awarding attorneys' fees based on rates ranging from $188-$290); *Fuhr v. Sch. Dist. of Hazel Park*, 131 F. Supp. 2d 947 (E.D. Mich. 2002) (finding reasonable the requested $275 hourly rate).

The court also finds that Gambro has sought attorney fees for hours reasonably expended. Gambro seeks attorney fees in the amount of $2341.25, representing approximately eight and a half hours of work since the May 8, 2007 telephonic hearing. Although Gambro does not submit detailed invoices supporting every minute of the claimed fees, under the circumstances the court finds this request to be clearly reasonable. The amount claimed includes not only the $756.26 initially requested by

4

Gambro and refused by State Farm, but the subsequent amount necessitated by that refusal. This is the risk that State Farm took by refusing to pay the initial $756.26 *reasonably* charged for Gambro's attorney's time.[1] Since that time, Gambro's counsel has been forced to spend additional time drafting correspondence, which largely went unanswered, drafting the initial motion for attorney fees, reviewing State Farm's response and drafting the reply brief. All of these expenses stem from the court's initial order that State Farm was to pay for Gambro's reasonable expenses. One day of attorney's fees to comply with the subpoena and chase down the reasonable fees which State Farm was obligated, and ordered, to pay is reasonable. Gambro's motion will be granted.

### III. CONCLUSION

IT IS ORDERED that Gambro's motion for costs [Dkt. # 118] is GRANTED. State Farm is DIRECTED to pay Gambro $2,941.25 **within seven calendar days** of the date of this order.

          S/Robert H. Cleland
          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: January 14, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 14, 2008, by electronic and/or ordinary mail.

---

[1] Contrary to State Farm's argument, the court finds nothing improper about Gambro's .6 hours billed on July 19, 2007 for entry stating: "Receive and review opinion from court; phone call with with [sic] Dirk Beckwith; letter to State Farm regarding closing file; email client regarding same." As Gambro argues, although the July 19, 2007 order may not have affected Gambro, Gambro would have no way of knowing that had its attorney not reviewed the order.

                                                  S/Lisa Wagner
                                                  Case Manager and Deputy Clerk
                                                  (313) 234-5522